IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RUSSELL BUCKLEW, )<br>    *Plaintiff,* )<br>)<br>v. )<br>)<br>GEORGE A. LOMBARDI, )<br>DAVID A. DORMIRE, )<br>And )<br>TERRY RUSSELL, )<br>    *Defendants.* ) | Case No. 14-08000-BP |

## MOTION TO STAY ALL PROCEEDINGS, DEADLINES, AND ORDERS UNTIL PLAINTIFF'S CASE IS ADEQUATELY FUNDED AND COUNSEL ARE COMPENSATED

Russell Bucklew, by and through undersigned counsel, moves this Court for a stay of all proceedings, orders, and discovery deadlines[1] in this case until issues concerning funding under the Criminal Justice Act (CJA) are resolved. Absent proper funding, including appropriate compensation for counsel, Mr. Bucklew's attorneys are unable to litigate his case.

Counsel were properly appointed under CJA and have submitted interim vouchers, which are currently pending. In the interim, the Eighth Circuit indicated its intent in a separate case, in *Johnson v. Lombardi,* Case No. 15-3420, to address the issue of whether CJA funding is appropriate in cases brought under 42 U.S.C. § 1983. That issue is currently outstanding, and, until it is decided, it precludes the proper funding of Mr. Bucklew's case.

Mr. Bucklew is medically fragile, and his Eighth Amendment claims concern the excruciating pain and suffering – including choking and suffocation – that he would likely suffer during an execution by lethal injection under Missouri's protocol. Mr. Bucklew suffers from a

---

[1] This motion requests a stay of all proceedings and deadlines, including Rule 26 disclosures.

1

rare, congenital condition known as cavernous hemangioma. In lay terms he has what numerous medical professionals have described as a "massive," blood filled tumor in his nasal cavity, throat, and head. His condition has significantly worsened since 2014, and he recently developed paralysis on the entire right side of his face and head. Why this paralysis developed is unknown to counsel without expert consultation and an examination of Mr. Bucklew.

Mr. Bucklew's medical condition forms the basis for the Eighth Amendment claim in this Court—a claim that garnered a unanimous stay from the United States Supreme Court and has survived several motions to dismiss filed by the Defendants. In litigating Mr. Bucklew's clearly meritorious claims, undersigned counsel has performed without compensation many hundreds of hours of legal work and paid many expenses personally—for which they have asked no compensation from this Court or any other court. These are fees and expenses that will never be compensated, nor has counsel sought compensation as they predate the appointment in this case or likely would otherwise be deemed non-compensable. In addition, this firm presently has significant outstanding vouchers totaling thousands of dollars, covering fees and expenses from May of 2014, and the period following remand from the Eighth Circuit through February 2016. This case, like any other, requires resources—for experts, transcripts, records, as well as funding (at an already reduced rate) for counsels' time. Without funding, counsel cannot continue incurring such a financial burden as to do so would imperil the financial viability of counsels' law practice and also compromise counsels' ability to represent their other clients. For these reasons, and for those that follow, Mr. Bucklew seeks a stay of all proceedings, orders, and discovery deadlines in this matter until counsel are compensated for services already rendered and the case is reasonably funded going forward.

2

I.   Procedural and Factual Background

This court appointed attorneys Cheryl Pilate and Charlie Rogers under the Criminal Justice Act (CJA) to represent Mr. Bucklew on May 23, 2001, in 28 U.S.C. § 2254 proceedings. Charlie Rogers subsequently withdrew from Mr. Bucklew's case. Attorney Pilate has continued her representation of Mr. Bucklew since her appointment in various suits challenging Missouri's lethal injection protocol, among others. *See Ringo v. Lombardi*, Case No. 09-4095-CV-C-NKL, W.D. of Missouri, *Zink v. Lombardi*, Case No. 2:12-CV-04209-BP, W.D. of Missouri.

On January 29, 2014, the Missouri Supreme Court issued a show cause order directing Mr. Bucklew to show cause why an execution warrant should not be set. *Missouri v. Bucklew*, Case No. SC80052, Order of January 29, 2014. On February 11, 2014 counsel for Mr. Bucklew filed his response to the show cause order. On April 9, 2014, the Missouri Supreme Court issued a warrant of execution for Mr. Bucklew dated May 21, 2014. On May 9, 2014, undersigned counsel filed a 42 U.S.C. § 1983 suit challenging Missouri's lethal injection protocol as applied to Mr. Bucklew (Doc. 1), and seeking a temporary restraining order and preliminary injection (Doc. 2) and a stay of execution (Doc. 6). On May 19, 2014, this Court denied Mr. Bucklew's request for a temporary restraining order and preliminary injunction and his motion for stay of execution and *sua sponte* dismissed the case in its entirety concluding that Mr. Bucklew failed to state a claim. Doc. 17.

Mr. Bucklew immediately sought a stay of execution in the Eighth Circuit Court of Appeals, and was granted a stay by a panel of the Eighth Circuit on May 20, 2014. *Bucklew v. Lombardi*, No. 14-2193, (8th Cir. filed May 20, 2014). The stay was then vacated by the Eighth Circuit Court of Appeals *en banc*. Mr. Bucklew next sought and received a stay of execution from the United States Supreme Court on May 21, 2014. The Supreme Court, without dissent, remanded

3

Mr. Bucklew's case to the Eighth Circuit Court of Appeals so that he could pursue his appeal in due course. On July 3, 2014, counsel were formally appointed to represent Mr. Bucklew in the appeal *nunc pro tunc* to May 20, 2014, the date the appeal was docketed in the Eighth Circuit[2]. After briefing, oral argument was held in the Eighth Circuit Court of Appeals on September 9, 2014. On March 6, 2015, the Court of Appeals issued its Opinion and Judgment remanding this case for further proceedings in this Court. Doc. 27.

Mr. Bucklew filed his Fourth Amended Complaint on October 13, 2015, Doc. 53, and Defendants filed their Motion to Dismiss Fourth Amended Complaint on November 2, 2015. Doc. 55. On January 29, 2016, this Court entered an Order granting in part and denying in part Defendants' Motion to Dismiss Fourth Amended Complaint. Doc. 63. Defendants filed an Answer to the Fourth Amended Complaint on April 11, 2016. Doc. 68. On April 11, 2016, this Court entered an Order setting deadlines for filing of a Joint Proposed Scheduling Order and directing Mr. Bucklew to submit a proposed budget. Doc. 69. On May 10, 2016, Mr. Bucklew filed *ex parte* and under seal a Proposed Budget estimating attorney fees and expert costs and expenses going forward through trial, as directed. Docs. 71, 74. Also on May 10, 2016, counsel submitted two vouchers for their representation of Mr. Bucklew in this matter covering approximately 12 months —from May 9, 2014 through May 20, 2014, and February 2015 to February 2016. On May 23, 2016, the Court entered an *ex parte* order directing counsel to supplement Mr. Bucklew's proposed budget. Doc. 77. On May 25, 2016, counsel participated in a telephonic hearing with the Court and counsel for Defendants, during which counsel attempted to communicate to the Court that the lack of funding was adversely affecting counsels' ability to

---

[2] The Eighth Circuit issued a voucher, and counsel was compensated for the appeal in the Eighth Circuit.

effectively represent Mr. Bucklew.  The Court made clear its desire to move this case forward, and set deadlines as a result of the telephonic hearing on May 25, 2016.  As directed, counsel filed a Supplemental Proposed Budget on June 2, 2016.  Docs. 82-1, 84.  The Court's order directing counsel to supplement Mr. Bucklew's proposed budget also asked counsel to address whether counsel believe it "prudent to refrain from filing vouchers" until the Eighth Circuit resolves a related matter in an entirely different case. Doc. 77.  *See also Johnson v. Lombardi,* Case No. 15-3420. Counsel addressed the Court's request for briefing in the affirmative, arguing that it was not only prudent to compensate counsel, but also that without funding counsel for Mr. Bucklew would be unable to effectively represent him.

Unfunded counsel are counsel in name only.  Counsels' vouchers remain pending, yet discovery orders and deadlines remain.  Counsel cannot conceive of a way to represent Mr. Bucklew's most important interest—his life—without adequate compensation, and funds to retain and pay experts.   It is an impossible challenge to meet, and while the severe financial hardship that results is an insurmountable burden for counsel, it is of no comparison to the prejudice it inflicts on Mr. Bucklew and his legitimate (as recognized by the United States Supreme Court) claims for relief.

    II.    <u>Mr. Bucklew Has a Statutory Right to Qualified and Effective Counsel</u>

Mr. Bucklew is an indigent prisoner and is entirely without funds with which to retain private counsel to effectively litigate and support his claims. *See* Doc. 25 ("[T]he Court concludes that Bucklew was indigent at the time this suit was filed and is still indigent.  Bucklew has no income or assets, and as such is unable to retain and compensate counsel or pay court costs.") Based on the finding of indigency by this Court, the Eighth Circuit Court of Appeals appointed undersigned counsel for all appellate and Supreme Court proceedings, and subsequently entered

5

an order approving CJA payment to counsel, *nunc pro tunc* to the date the appeal the appeal was docketed, for that representation. Title 18 U.S.C. §3599 "entitles indigent defendants to the appointment of counsel in capital cases, including habeas corpus proceedings." *Martel v. Clair*, 132 S. Ct. 1276, 1285 (2012). "By providing indigent capital defendants with a mandatory right to qualified legal counsel in these proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty." *McFarland v. Scott*, 512 U.S. 849, 859 (1994).

The Supreme Court, in *Martel v. Clair*, explained the legislative intent of Congress in providing qualified counsel to prisoners like Mr. Bucklew:

> Prior to 1988, § 3006(a) governed the appointment of counsel in all federal criminal cases and habeas litigation…In 1988, Congress enacted the legislation now known as §3599 to govern appointment of counsel in capital cases…the new statute grants federal capital defendants and capital habeas petitioners enhanced rights of representation, in light of what it calls "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." §3599(d) (2006 ed.). Habeas petitioners facing execution now receive counsel as a matter of right, not an exercise of the court's discretion. See §3599(a)(2). And the statute aims in multiple ways to improve the quality of representation afforded to capital petitioners and defendants alike. Section 3599 requires lawyers in capital cases to have more legal experience than §3006A demands. Compare §§3599(b)-(d) with §3006A(b). Similarly, §3599 authorizes higher rates of compensation, in part to attract better counsel. Compare §3599(g)(1) with §3006A(d) (2006 ed. and Supp. IV). And §3599 provides more money for investigative and expert services. Compare §§3599(f) (2006 ed.), (g)(2) (2006 ed., Supp. IV), with §3006A(e) (2006 ed. and Supp. IV). As we have previously noted, those measures "reflec[t] a determination that quality legal representation is necessary" in all capital proceedings to foster "fundamental fairness in the imposition of the death penalty." *McFarland,* 512 U.S., at 855, 859, 114 Ct. 2568, 129 L. Ed. 2d 666.

132 S. Ct. at 1285.

The Criminal Justice Act permits a "financially unable" defendant to request funding for "investigative, expert, or other services necessary for adequate representation." 18 U.S.C. §

3006A(e). Upon the finding that the services are necessary and that the person is financially unable to obtain them, the Court the "shall authorize counsel to obtain the services." *Id*. In analyzing a claim for expert services, the petitioner must "do more than allege that the services would be helpful, rather he must show that they are 'necessary' to afford him 'an adequate opportunity to present [his] claims fairly.' " *U.S. v. Ross*, 210 F.3d 916, 921 (8th Cir. 2000) citing *Ake v. Oklahoma*, 470 U.S. 68, 77, 80 (1985). In *Little v. Armontrout*, 835 F.2d 1240 (8th Cir. 1987), the Eighth Circuit adopted the standard set in *Ake*. Accordingly, Mr. Bucklew, with the determination of his indigence, is entitled to expert services, provided the requested services are necessary to afford Mr. Bucklew an adequate opportunity to present his claims. *Ake,* 470 U.S. at 77. The Supreme Court has long recognized that, when a state brings its judicial power to bear on an indigent defendant, it must take steps to assure that the defendant has a fair opportunity to present his defense[3]. This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the fundamental principle that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his life is at stake. There can be no greater state power than the power to take the life of one of its citizens, and he is entitled to access, resources and expert services to present his claims that executing him violates the constitutions of the United States and the State of Missouri.

---

[3] *See Griffin v. Illinois*, 351 U. S. 12 (1956)(once a state offers the defendant a right to appeal, it must make the trial transcript available); *Burns v. Ohio*, 360 U. S. 252 (1959)(an indigent defendant may not be required to pay a fee before filing a notice of appeal of his conviction); *Gideon v. Wainwright*, 372 U. S. 335 (1963)(that an indigent defendant is entitled to the assistance of counsel at trial); *Douglas v. California,* 372 U. S. 353 (1963)(an indigent defendant is entitled to counsel on his first direct appeal as of right); and that such assistance must be effective, see *Evitts v. Lucey*, 469 U. S. 387(1985); *Strickland v. Washington*, 466 U. S. 668 (1984); *McMann v. Richardson*, 397 U. S. 759, 397 U. S. 771, n. 14 (1970).

7

### III. The Scope of Counsel's CJA Appointment Covers § 1983 Suit Challenging Method of Execution

Section § 3599(a) specifies the proceedings in which a CJA appointment may initially be made: "criminal action[s] in which a defendant is charged with a crime which may be punishable by death," § 3599(a)(1), and "post conviction proceeding[s] under [28 U.S.C. §] 2254 or 2255 . . . seeking to vacate or set aside a death sentence," § 3599(a)(2). Second, § 3599(e) specifies the authorized scope of such appointments, which reaches beyond the confines of the original proceeding to include "every subsequent stage of available judicial proceedings, including . . . appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stay of execution and other appropriate motions and procedures."

> Once counsel are appointed to represent a state prisoner in § 2254 proceedings, counsel:
>
> shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to defendant.

18 U.S.C. § 3599(e).

Attorney Pilate was lawfully appointed to represent Mr. Bucklew in habeas corpus proceedings under 28 U.S.C. § 2254. As a result of that appointment, Ms. Pilate was then obligated to represent Mr. Bucklew in all proceedings contemplated by 18 U.S.C. § 3599(e). The unambiguous language of the statute makes clear that appointed counsels' duties encompass more than habeas proceedings, for example "proceedings for executive or other clemency as may be available to the defendant," including state clemency proceedings. 18 U.S.C. § 3599(e), *Harbison*

*v. Bell*, 556 U.S. at 185-86. The statute goes on stating that the duty of counsel extends to "applications for stays of execution." 18 U.S. C. § 3599 (e).

That is precisely what Mr. Bucklew has done, and continues to do in this case. Mr. Bucklew's complaint alleges that Missouri's lethal injection protocol—that is the injection of what the state purports to be compounded pentobarbital—would violate Mr. Bucklew's constitutional right to be free from cruel and unusual punishment. A 42 U.S.C. § 1983 lawsuit is the only procedure for seeking a stay of execution on these grounds. *Hill v. McDonough*, 547 U.S. 573 (2006) (holding that a challenge to a method of execution must be brought under 42 U.S.C. § 1983) *see also Hooper v. Jones*, 536 Fed. Appx. 796, 800 (10th Cir. 2013). Counsel further provided the Court with an amicus brief filed in *Johnson v. Lombardi*, Case No. 15-3420, wherein the Department of Justice (DOJ) as amici stated:

> "…an appropriate procedure for seeking a stay of execution…In *Hill v. McDonough*, 547 U.S. 573 (2006), the Supreme Court held that a challenge to a method of execution must be brought under 42 U.S.C. § 1983…the United States, "without embracing any broad principle as to the statutory authorization for counsel in§ 1983 actions generally" believes that counsel's "efforts on behalf of [Johnson] in this particular § 1983 action properly fell within the scope of [their] exist appointment." 536 Fed. Appx. at 800. Counsel are therefore entitled to compensation under 18 U.S.C. § 3599."

Doc. 84-2 at 8-9.

The Eighth Circuit has adopted the view that section 3599(e) permits a federal court to appoint counsel in civil rights actions challenging a state's method of execution. *Bucklew v. Lombardi*, Case No. 14-2163, Order of July 3, 2014.

Ms. Pilate has represented Mr. Bucklew since 2001, and represented him in 28 U.S.C. § 2254 proceedings, along with Mr. Charles Rogers. As a result of that appointment, Cheryl Pilate remains obligated to represent Mr. Bucklew in any available proceeding under 18 U.S.C. § 3599(e). Mr. Rogers has since retired and withdrawn as counsel for Mr. Bucklew. Mr. John Simon

9

was later appointed to join in the representation of Mr. Bucklew. Mr. Simon ceased actively representing Mr. Bucklew in lethal injection proceedings prior to the filing of this suit in May of 2014, and Mr. Simon formally filed his Motion to Withdraw on April 18, 2015, which this Court granted on April 22, 2015. *See* Docs. 33 and 34. Ms. Runnels was appointed by this Court on April 1, 2016. Doc. 67.

IV. Conflict of Interest

Counsel has performed legal services on behalf of Mr. Bucklew, litigated in this Court for close to approximately 12 months, and paid expert and other expenses personally. Counsel cannot continue incurring substantial fees and expenses without compensation. Simply put, it would cause financial devastation to counsels' law firm. Counsel has significant pending vouchers and understands that consideration of those vouchers has been, or will be delayed pending the *Johnson* decision in the Eighth Circuit. Counsel believe that continued representation without funding creates a clear and unavoidable conflict of interest, between counsels' financial interests and the health of counsels' law firm and the requirements of Mr. Bucklew's representation. Counsel therefore respectfully request that this Court stay these proceedings until counsel are appropriately compensated and adequate funding is provided for Mr. Bucklew going forward.

Counsel is bound by ethical and professional rules of conduct. Rule 4-1.7 of the Rules of Professional Conduct provides in part:

(a) Except as provided in Rule 4-1.7(b), a lawyer shall not represent a client of the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

1. The representation of the client will be directly adverse to another client; or

> 2. There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

The comments to Rule 4-1.7 provide additional guidance, stating "even where there is no direct adverseness, a conflict of interest exist if there is a significant risk that a lawyer's ability to consider, recommend, or carry out an appropriate cause of action for the client will be materially limited as result of the lawyer's other responsibilities or interests." *Id*. at comment (8).

Without funding, counsel cannot conduct the necessary legal research and commit the required time and resources that the pretrial litigation in this case demands. Discovery takes valuable time and resources, including expert witness expenses, transcript fees, and attorney time. Mr. Bucklew's claims are necessarily dependent on expert consultation, medical records, imaging, and medical examinations. The case simply cannot be litigated without expert assistance and funding. Counsel must consult with experts to support Mr. Bucklew's complaint, and these professionals cannot be expected to continue to provide valuable services and time to this Court and Mr. Bucklew without funding. Mr. Bucklew's medical condition is worsening, and according to the Defendants' own records, his hemangioma has continued to grow. Medical testing and imaging are essential to properly understand the full scope and implications of Mr. Bucklew's unstable medical condition. Counsel is unable to do anything on this front without funding, and these tasks are critical to Mr. Bucklew's complaint. Without funding, counsel is unable to advocate on Mr. Bucklew's behalf and Mr. Bucklew is effectively without counsel as a result.

Counsel has submitted an ethics inquiry and request for an ethics opinion to a national legal ethics expert, and continues to await that formal ethics advice regarding counsels' duties to Mr. Bucklew absent funding, and whether the current conflict of interest can be cured by an adequate

funding order and subsequent payment of already incurred fees and expenses. If adequate funding going forward and payment of incurred fees and expenses do not occur, counsel believes that they likely have a duty to withdraw from representing Mr. Bucklew, and counsel have made inquiry to ethics counsel about their duties in the event that adequate funding is not available.

As the Supreme Court recognizes, appointed counsel should receive compensation for representing their client in seeking remedies after the federal courts have denied habeas relief. *See* 18 U.S.C. § 3599(e); *Harbison v. Bell*, 129 S.Ct. 1481 (2009).

### V. Unfunded Counsel Constitutes a Constructive Denial of Counsel

In the absence of present funding or secure arrangements for future funding, Mr. Bucklew is constructively denied effective counsel. Satisfying the demanding standard to obtain a stay of execution and survive multiple motions to dismiss necessarily requires the drafting of fact intensive pleadings, driven by proper investigation and expert consultation. The pleading requirements in Mr. Bucklew's case are considerable. This burden arises within the general context of federal habeas corpus, which requires petitioners to "meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994), rather than a mere notice threshold.

The most direct way to effectively stop Mr. Bucklew's litigation is to deprive him of sufficient funds and expert recourses that enable counsel to effectively represent him.

### VI. Legal Standard

This Court has the power to grant a stay of the proceedings. "The power to stay [proceedings] is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." *U.S. v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) citing *Gold v. Johns-Manville Sales Corp*., 723 F.2d 1068, 1077 (3d Cir. 1983); *see also Clinton v. Jones,* 520

12

U.S. 681, 706-07 (1997) ("the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket") (citation omitted).

In determining whether to grant a stay, courts "must weigh [the] competing interests [of the parties] and maintain an even balance." *Landis v. North American Co*., 299 U.S. 248, 254-55, (1936) (citations omitted). In considering whether to grant a stay, a court considers multiple factors, including whether the applicant will be irreparably harmed absent a stay; whether issuance of the stay will substantially injure the other parties interested in the proceeding; the balance of harms in delaying discovery against the possibility the underlying motion will settle the case; the public interest; and the breadth of discovery. *Burns v. EGS Fin. Care, Inc*. 2016 U.S. Dist. LEXIS 49183, W.D. Mo., Order April 12, 2016, citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

Mr. Bucklew argues the balance of these factors weighs in his favor. Mr. Bucklew's constitutional claims against Defendants are of substantial merit, as indicated by Supreme Court's unanimous grant of a stay of execution and remand, and by the Eighth Circuit's subsequent decision. Mr. Bucklew's interest is his very life, there is no greater interest recognized under the law. If a stay of proceedings and orders is not entered, (absent payment and funding going forward) then Mr. Bucklew will be irreparably harmed because he will be unable to litigate his claims and an untenable conflict of interest will likely force counsel to withdraw from Mr. Bucklew's representation. Mr. Bucklew cannot imagine that Defendants object to a stay of proceedings since Defendants' case is likely to become even more vulnerable if discovery proceeds. Counsel is skeptical that a stay of proceedings and orders will have any effect on settlement since settlement discussions have not been productive to date. For these reasons, Mr. Bucklew argues the balance of considerations weighs heavily in his favor.

For the foregoing reasons Mr. Bucklew requests that this Court:

13

1. Stay all proceedings, orders, and discovery deadlines until:

    a. Mr. Bucklew's case is adequately funded going forward, including requested expert funding and medical testing and imaging; and,

    b. Counsels' pending vouchers are submitted for appropriate review and payment.

    Respectfully submitted,

    /s/ Cheryl A. Pilate
    Cheryl A. Pilate
    Lindsay J. Runnels
    MORGAN PILATE, LLC
    926 Cherry Street
    Kansas City, Missouri 64106
    Telephone (816) 471-6694
    cpilate@morganpilate.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document was served electronically on all counsel of record via the Court's ECF filing system on June 10, 2016.

    /s/ Cheryl A. Pilate