IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RUSSELL BUCKLEW, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-CV-8000-BP |
| GEORGE A. LOMBARDI, DAVID A. DORMIRE, And TERRY RUSSELL, | ) |
| Defendants. | ) |

## SUGGESTIONS IN OPPOSITION TO STAY MOTION

### Case Summary

Bucklew requests a stay of this suit until the Unites States Court of Appeals for the Eighth Circuit rules on the issue of whether the Criminal Justice Act (CJA) permits the funding of legal fees and expenses for an inmate using a suit under 42 U.S.C. §1983 to challenge an execution protocol.

Bucklew really makes two related arguments for a stay. First, Bucklew argues counsel will suffer financial hardship through continued representation of Bucklew. Second, Bucklew argues that he has a statutory right to counsel that is violated because counsel has a conflict of interest due to potential lack of compensation, and a stay removes this violation of his alleged statutory right. Both arguments are without merit.

The first argument is without merit. One of Bucklew's attorneys was denied CJA funding for similar litigation challenging a Missouri execution

protocol in another case, before filing this suit. Therefore, before Bucklew filed this suit, he knew through the agency of his attorney of the line of cases that form the basis of the reason Bucklew now seeks a stay. And the possibility that compensation is not authorized has been known by Bucklew's counsel throughout the suit. Therefore, a stay here is not warranted.

Second, Bucklew does not have a statutory right to counsel in this case. Bucklew argues that he has a statutory right to counsel in this litigation because of the CJA. He then reasons that this Court interferes with that right by not providing counsel the funds they request under the CJA. But well-reasoned-persuasive precedent holds that Bucklew has no statutory right to counsel under the CJA in a suit challenging an execution protocol. Therefore, the second reason Bucklew alleges entitles him to a stay is also without merit.

In any event, a response to the pending motion for judgment on the pleadings requires no additional medical investigation, testing, or discovery. The analysis may be accomplished by applying the law on Article III jurisdiction to the Fourth Amended Complaint. The complaint must be evaluated on its own. It is difficult to see how writing a response to an eight page motion that relies on the application of two principal cases to an already filed complaint can create undue hardship. And the motion could resolve the case, making Bucklew's arguments about hardship largely moot.

2

Analysis

I.   **At least one of Bucklew's counsel knew before filing this case, that the United States District Court for the Eastern District of Missouri had held that CJA money may not be used in this type of suit, because the court denied her motion for similar compensation. But counsel filed this suit anyway.**

The United States District Court for the Eastern District of Missouri held in 2011 that CJA money may not be used for compensation in civil rights suits challenging execution procedures. *Link v. Luebbers*, 830 F. Supp.2d 729, 735-36 (E.D. Mo. 2011) (holding CJA money may not be used to compensate attorneys for civil rights actions challenging execution protocols and deducting funds from attorney vouchers for time attributed to working on the *Clemons* and *Ringo* suits challenging Missouri execution protocols). The court also held that Congress did not intend to provide full compensation to attorneys under the CJA, but rather to make provision so that attorneys who had undertaken cases as a public service do not go *entirely* uncompensated, and that if the holding discouraged attorneys who view the CJA as profit center, there are members of the bar that will step forward to take their place. *Id*. at 735.

In 2012, the United States District Court for the Eastern District of Missouri denied a motion for compensation under the CJA for representing a client in a civil rights action challenging Missouri execution procedures, where Bucklew's counsel, Ms. Pilate, was one of the attorneys. *Smulls v. Luebbers*, 2012 WL 2848152 (E.D. Mo July 11, 2012). That court, relying on precedent and

3

the Guide to Judiciary Policy, found that representation of a petitioner in civil actions challenging Missouri's execution protocol is not compensable. *Id*. at * 2-*3. The court repeated the language in *Link*, stating that if its holding discourages those who view the Criminal Justice Act as a profit center, their places will be taken by other members of the bar. *Id*. at *3.

*Link* and *Smulls* are well reasoned and persuasive decisions. In light of the decisions in *Link* and *Smulls*, counsel for Bucklew knew, or should have known, that there was a reasonable possibility funding might be denied in this case. This is particularly true because one of Bucklew's attorneys was one of the attorneys in *Smulls*. Therefore, the fact that funding may be denied in this case is a possibility that has existed, and that Bucklew's counsel has been aware of, throughout this litigation. It is not a good reason for a stay.

**II. Bucklew has no statutory right to counsel, so the allegation that that this Court is interfering with that right by not paying, or potentially not paying, counsel money that counsel is not entitled to, fails.**

Bucklew argues that he has a statutory right to counsel, and that this Court violates that right by not paying his counsel, or potentially not paying his counsel. He argues that the case should therefore be stayed. Bucklew is wrong.

The source of the right that Bucklew identifies is the CJA. But as *Link*, *Smulls*, and several other cases cited by the United States Court of Appeals in its order in *Johnson*, hold the CJA provides no such right (See Document 73-1, Order of the United States Court of Appeals for additional briefing in *Johnson v.*

4

*Lombardi*). This Court is not violating a statutory right to counsel by allowing this case to proceed normally, when no statutory right to counsel exists. There is no good reason for a stay here.

**III.    Even if this Court stays other aspects of the case, this Court should resolve the motion for judgment on the pleadings.**

Defendants filed a motion for judgment on the pleadings arguing that Bucklew has pleaded himself out of this Court's Article III jurisdiction by alleging that his condition has now worsened to the point that he is in daily, constant, often excruciating pain, with choking, and frequent uncontrollable bleeding, and that the condition is untreatable and becoming progressively worse. (Document 75). Defendants argued that the same symptoms Bucklew alleges he now suffers with increasing severity on a daily basis are the symptoms he alleges he will risk during an execution (Document 75). Therefore, as matter of law Bucklew has failed to plead an injury in fact, caused by Defendants, that this Court could remedy through a ruling (Document 75). The motion relies on a recent case, *Balogh v. Lombardi*, 816 F.3d 536, 541-44 (8th Cir. 2016).

Bucklew's response to this motion would necessarily be limited to applying Article III jurisprudence to the four corners of his complaint. No additional medical examinations or investigations would be relevant as he is controlled by his complaint on this issue. Even if a stay remains in place as to the case in general, it should not apply to pleadings on the motion for judgment on the

5

pleadings.

## Conclusion

This Court should deny the motion for stay, or in the alternative, exclude litigation of the motion for judgment on the pleadings from any stay.

Respectfully submitted,
**CHRIS KOSTER**
Attorney General

/s/ Michael Spillane
MICHAEL SPILLANE
Assistant Attorney General
Missouri Bar # 40704
P.O. Box 899
Jefferson City, MO 65102
(573) 751-1307
(573) 751-2096 Fax
mike.spillane@ago.mo.gov
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on this 22nd day of June, 2016. This Court's electronic filing system should serve counsel for Mr. Bucklew.

/s/ Michael Spillane
Assistant Attorney General

6

Case 4:14-cv-08000-BP   Document 88   Filed 06/22/16   Page 6 of 6