IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RUSSELL BUCKLEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-08000-CV-W-BP |
| | ) | |
| GEORGE A. LOMBARDI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION DENYING
## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff is a prisoner in the custody of the Missouri Department of Corrections. He has been sentenced to death; he challenges Missouri's planned method of execution, contending that the current lethal injection protocol will cause him needless suffering and pain. Pending is Defendants' Motion for Judgment on the Pleadings, (Doc. 75), which argues that Plaintiff has not alleged that Defendants will cause an injury that can be redressed, so he lacks standing to pursue his claims. Plaintiff contends the motion is untimely, and further argues that he has adequately alleged standing. As discussed below, the Court must address the issues on their merits but concludes that it has jurisdiction in this matter, so the motion is **DENIED.**

## I. BACKGROUND

Plaintiff's Fourth Amended Complaint alleges that he "suffers from a congenital condition – cavernous hemangioma – that causes clumps of weakened, malformed vessels to grow in his head, face, neck, and throat, displacing healthy tissue and rupturing under stress." (Doc. 53, ¶ 1.) The condition causes "extensive bleeding" when a tumor ruptures, pain, labored breathing, and slurred speech. (Doc. 53, ¶¶ 3, 8-9, 12, 41, 44-45, 54-57.) The disease is both progressive and potentially fatal. (*E.g.,* Doc. 53, ¶¶ 10, 49, 108.)

The Fourth Amended Complaint includes allegations about the effects of administering a lethal injection to a person in Plaintiff's condition. "[H]e is at high risk of choking during an execution, particularly if the distended vessels in his mouth or throat rupture and bleed. This will cause gasping, coughing and choking that Mr. Bucklew will experience as suffocation." (Doc. 53, ¶ 5; *see also* Doc. 53, ¶¶ 15-16, 69, 77; Doc. 53-1, ¶¶ 15, 18.) Execution by lethal injection increases the likelihood of these outcomes for a variety of reasons, including the effects of some of the chemicals used in the process and the fact that lethal injection requires use of Plaintiff's compromised circulatory system. (Doc. 53, ¶¶ 17, 19, 26, 53, 86.) Plaintiff alleges that lethal gas will significantly reduce these risks because the lethal agent enters through the subject's lungs and does not rely on the circulatory system. (*E.g.*, Doc. 53, ¶¶ 29, 87.)

## II. DISCUSSION

### A.

Initially, the Court addresses the parties' procedural arguments. Defendants contend they are entitled to judgment on the pleadings under Rule 12(c) because the Fourth Amended Complaint does not establish that Plaintiff has standing. Plaintiff characterizes Defendants' argument as relating to whether a claim has been stated, contends Defendants have had several opportunities to file motions under Rule 12(b)(6), and invites the Court to summarily deny the motion because Defendants did not raise this issue in any of their prior motions to dismiss.

Both sides' positions are flawed. The requirement that a plaintiff have standing is a jurisdictional requirement, imposed by Article III of the Constitution. *E.g.*, *Susan B. Anthony List v. Driehaus,* 134 S. Ct. 2334, 2341 (2014); *Wong v. Wells Fargo Bank N.A.,* 789 F.3d 889, 895 (8th Cir. 2015). If the Court lacks subject matter jurisdiction, the appropriate course is to dismiss the case without prejudice – not award the Defendants a judgment. Thus, Rule 12(c) is

2

not the appropriate vehicle for Defendants' arguments. But, similarly, Plaintiff is incorrect in arguing that Rule 12(b)(6) is the appropriate vehicle; a motion challenging the Court's jurisdiction is presented under Rule 12(b)(1), and a challenge to the Court's jurisdiction can be raised at any time. *E.g., Sierra Club v. Kimbell,* 623 F.3d 549, 556 (8th Cir. 2010); Fed. R. Civ. P. 12(h)(3). Moreover, the Court has an independent obligation to confirm its jurisdiction, and this includes an evaluation of the plaintiff's standing. *E.g., International Ass'n of Firefighters v. City of Clayton,* 320 F.3d 849, 850 (8th Cir. 2003). Therefore, the Court cannot summarily deny the motion as untimely, nor can the Court decline to consider the issue simply because Defendants have not invoked Rule 12(b)(1).

### **B.**

"Th[e] 'irreducible constitutional minimum of standing' requires a showing of 'injury in fact' to the plaintiff that is 'fairly traceable to the challenged action of the defendant,' and 'likely [to] be redressed by a favorable decision.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 591 (8th Cir. 2009) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)). Defendants contend that the injuries Plaintiff alleges are not traceable to the planned execution because Plaintiff already suffers from cavernous hemangioma, so there is already a risk that a tumor will rupture and cause pain, choking, suffocation, and so forth. They then equate the current risk of these outcomes with the risk caused by execution, arguing that the risk is not traceable to the lethal injection because the risk of these outcomes already exists. Defendants further contend that there is nothing the Court can do to redress the risks because Plaintiff's condition is incurable. Plaintiff counters that the Fourth Amended Complaint alleges "[t]he extreme and excruciating pain and suffering that would be experienced during lethal injection is far different from the pain and discomfort that Bucklew suffers day-to-day." (Doc. 93, p. 3.)

3

The Court agrees that Defendants rely upon an unduly narrow reading of the Fourth Amended Complaint. Reading the pleading in its entirety, the Court interprets it to allege that Plaintiff suffers certain risks by virtue of his disease, but that administering a lethal injection will substantially increase those risks. The fact that there is some risk to Plaintiff now does not deprive him of standing to complain that Defendants will substantially increase those risks. Indeed, the Supreme Court has described this claim as one that involves the comparison of risks: given that "some risk of pain is inherent in any method of execution, [and] the Constitution does not require the avoidance of all risk of pain," *Glossip v. Gross*, 135 S. Ct. 2726, 2733 (2015), a prisoner alleging that a particular form of execution is cruel and unusual within the meaning of the Eight Amendment must plead that the method to be utilized "presents a risk that is sure or very likely to cause serious illness and needless suffering, and give rise to sufficiently imminent dangers." *Id.* at 2737 (quotations and emphasis deleted). In short, there is currently a risk that Plaintiff's disease will cause him an excruciating death, but Plaintiff has standing to complain that Defendants will substantially increase that risk. Whether he can prove this to be true is a different matter; all the Court holds for the present is that Plaintiff has alleged an injury (increased risk of pain and suffering) that is fairly traceable to use of the lethal injection protocol.

The Court's resolution of the traceability issue effectively resolves the redressability issue. Plaintiff does not seek relief from his disease's symptoms as Defendants allege. (Doc. 75, p. 5.) Instead, Plaintiff seeks relief from the increased risk that he allegedly will face if he is executed via lethal injection. To this end he has alleged that there is a feasible and available alternative that will significantly reduce the risk of severe pain and suffering. (Doc. 63, pp. 8-9 (holding that the Fourth Amended Complaint satisfies this pleading requirement as set forth in *Glossip* and *Zink v. Lombardi*, 783 F.3d 1089 (8th Cir.) (en banc), *cert. denied*, 135 S. Ct. 2941

(2015).)  Assuming Plaintiff can prove his allegations, the Court can redress his claims regarding the use of lethal injection by ordering Defendants to implement the alternative method of execution.  Therefore, the Fourth Amended Complaint adequately alleges that the injury complained of is redressable.

## III.  CONCLUSION

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings, (Doc. 75), is **DENIED**.

**IT IS SO ORDERED**.


/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: July 21, 2016                    UNITED STATES DISTRICT COURT