# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RUSSELL BUCKLEW, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GEORGE A. LOMBARDI, )<br>DAVID A. DORMIRE, )<br>And )<br>TERRY RUSSELL[1], )<br>)<br>Defendants. ) | Case No. 4:14-CV-8000-BP |

## DEFENDANTS' BRIEF ON THE SCOPE OF DISCOVERY

This Court should order phased discovery in this case in order to follow the United States Court of Appeals for the Eighth Circuit's order that this Court "narrowly tailor" and "expeditiously conduct" the proceedings. *Bucklew v. Lombardi*, 783 F.3d 1120, 1128 (8th Cir. 2015) (en banc). Defendants propose the following discovery sequence. First, discovery should commence as to when Bucklew's claim accrued, as to the *feasibility and ready implementation* of lethal gas, and as to whether lethal gas will significantly reduce a substantial risk of severe pain. Bucklew is required to prove that lethal gas is a feasible and readily implemented alternative method of

---

[1] Named Defendant Terry Russell retired on March 1, 2015, and is no longer the Warden of the Eastern Reception, Diagnostic, and Correctional Center. Current Warden, Troy Steele, should be substituted as a proper defendant in this matter pursuant to Fed. R. Civ. Pro. 25 (d).

execution. If he cannot, then his suit ends. Bucklew is required to prove that lethal gas will substantially reduce a substantial risk of severe pain. If he cannot, then his suit ends.

If Bucklew can pass the first requirement, then discovery should commence on Bucklew's alleged physical impairments and on the impact on Bucklew of lethal injection generally. Here, Bucklew must prove that because of his physical impairments any method of lethal injection is "sure or very likely" to cause unnecessary pain. If Bucklew cannot make that showing, then his lawsuit ends.

# I. Phased discovery was first suggested by the United States Court of Appeals for the Eighth Circuit.

The United States Court of Appeals for the Eighth Circuit, en banc, warned that "Bucklew's arguments on appeal raise an inference that he is impermissibly seeking merely to investigate the protocol without taking a position as to what is needed to fix it." *Bucklew*, 783 F.3d at 1129. Bucklew's brief on the scope of discovery proves the Eighth Circuit was right. For instance, Bucklew indicates he will request discovery on "the development and adoption of the current lethal injection protocol" (Doc. 100, p. 7) as well as depositions of all current members of the execution team (Doc. 100, p. 10).

There is no need to conduct lengthy, costly, and controversial discovery into Missouri's current method of execution if Bucklew is unable to prove the

2

existence of a feasible and readily implemented alternative method of execution as required in *Glossip v. Gross*, 135 S. Ct. 2726, 2737–38 (2015). *See Bucklew*, 783 F.3d at 1128, *quoting Helling v. McKinney*, 509 U.S. 25, 35 (1993) ("The District Court will have the usual authority to control the order of proof, and if there is a failure of proof on the first element that it chooses to consider, it would not be an abuse of discretion to give judgment for [defendants] without taking further evidence"). Further, Bucklew pleads that, based on his physical infirmities, *any* lethal injection chemical or protocol will result in cruel and unusual punishment. (Doc. 53, p. 2) ("any means of lethal injection will almost inevitably lead to a prolonged and tortuous execution"). Therefore, what specific chemical Missouri uses or specific information about the execution team or protocol is not relevant to his complaint.

In *Helling*, the United States Supreme Court remanded a § 1983 claim that second hand smoke exposure violated the Eighth Amendment. *Helling*, 509 U.S. at 34. The Court explained that the plaintiff would need to prove both an objective factor (that the plaintiff was *currently* exposed to second hand smoke) and a subjective favor (whether the prison officials were deliberately indifferent to the exposure). *Id.* at 35–36. The Court explained that the district court could consider those factors in any order, and that the

3

district court could force the plaintiff to prove one factor *before* considering the other factor. *Id*. at 35.

The Eighth Circuit's citation to *Helling* is a clear indication that this Court should consider the elements of Bucklew's claim separately. Federal Rule of Civil Procedure 1 explains that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Chief Justice Roberts, in his 2015 year-end report, emphasized the importance of Rule 1, explaining that it is up to the parties and the Court to effectively manage discovery. Roberts, John, C.J., 2015 Year-End Report on the Federal Judiciary, available at: https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf

In this case, the aim of Rule 1 is best served by dividing discovery into two phases. The first phase concerns the first element Bucklew must prove: that lethal gas is a feasible and readily implemented alternative method of execution that will significantly reduce the risk of the pain he alleges in his pleading. If Bucklew cannot prove that lethal gas is feasible and readily implemented, then his case must be dismissed. The first phase also includes discovery on the statute of limitations and when Bucklew's claim accrued. The United States Court of Appeals for the Eighth Circuit noted that Bucklew's claim may be barred by the statute of limitations. *Bucklew*, 783

4

F.3d at 1128. This Court should not allow the parties to conduct expensive discovery on a barred claim.

The second phase concerns the second element that Bucklew must prove: that as applied to Bucklew, all methods of lethal injection are "sure or very likely" to cause severe pain and needless suffering.

## II. Phase One: a feasible and readily implemented alternative, a significant reduction of a substantial risk of severe pain, and the statute of limitations.

In the first phase, this Court should limit discover to two things: whether lethal gas is a feasible and readily implemented alternative and will be a significant reduction of a substantial risk of severe pain, and whether Bucklew's claim is barred by the statute of limitations.

### A. The Alternative.

The first phase of discovery should include discovery on the alternative method of execution that Bucklew has proposed: lethal gas. The Eighth Circuit has encouraged this Court to control the order of proof, and because it is the most efficient way to conduct this litigation.

There is no plausible reason for Bucklew to engage in any discovery concerning lethal injection as a method of execution if he cannot *prove* there is a feasible and readily implementable alternative. Defendants are entitled to discovery on what information Bucklew has suggesting that lethal gas is a

readily implemented and feasible alternative method of execution *for Missouri*. Bucklew purports to be entitled to discovery on the deliberative process of the Missouri Department of Corrections (Doc. 100, p. 9). But that is not so; such information is protected by the Deliberative Process Privilege. *See, e.g. Scott v. City of St. Louis*, 196 F.R.D. 551, 555 (E.D. Mo. 2000) (citing *Texas Puerto Rico, Inc. v. Dep't. of Consumer Affairs*, 60 F.3d 867, 884–85 (1st Cir. 1995) (internal citations omitted)).

And Bucklew must also prove that lethal gas will significantly reduce a substantial risk of severe pain. *See, e.g. Johnson v. Lombardi*, 809 F.3d 388, 390 (8th Cir. 2015), *quoting Glossip v. Gross*, 135 S. Ct. 276, 2737 (2015). Therefore, discovery in the first phase should include discovery on the effect of lethal gas on Bucklew. Put another way, discovery should commence on why Bucklew believes that lethal gas will significantly reduce a substantial risk of severe pain.

Privilege analysis is beyond the scope of this briefing, but it demonstrates why phased discovery is necessary in this case. With so much privileged information at issue, it would be inefficient for the Court to order broad discovery and then adjudicate many claims of privilege on individual requests and individual documents. And again, if Bucklew is unable to *prove* that lethal gas is a feasible and readily implemented alternative, then he should not be entitled to conduct discovery in other areas.

### B. The statute of limitations.

Discovery on the statute of limitations should be included in the first phase because the purpose of Rule 1 is to limit the expense of litigation, and to facilitate the just, orderly, and expeditious resolution of litigation. Moreover, the statute of limitations presents a question of first impression for the United States Court of Appeals for the Eighth Circuit. *Bucklew*, 783 F.3d at 1128. This Court should not wait until the end of the litigation to resolve this open question. And, if Bucklew's as-applied challenge is time-barred, then it makes no sense to allow lengthy and costly discovery into other areas, including Missouri's supplier of execution chemicals, for example.

### III. Phase Two: Bucklew's alleged impairment as it relates to lethal injection in general.

In the second phase, this Court should limit discovery to Bucklew's alleged medical problems and to lethal injection in general.

### A. Alleged Medical Problems

If Bucklew can prove that lethal gas is a feasible and readily implemented alternative that will significantly reduce a substantial risk of severe pain—which he cannot—and if Bucklew's claim is not time-barred—which it is—then it would be appropriate to allow discovery into Bucklew's alleged medical problems. If Bucklew is unable to prove the feasibility and ready implementation of lethal gas, then Bucklew's alleged medical problems

make no difference under *Glossip*. Bucklew has pleaded that his alleged medical condition causes him essentially the same symptoms and the risk of the same symptoms in the same degree that he alleges he risks during an execution. Therefore, the second phase of discovery would also be relevant to whether this Court has Article III jurisdiction.

Even if Bucklew can prove that lethal injection would sufficiently increase the risk to be a constitutional violation caused by the Defendants, Bucklew must also prove that lethal gas *would not* similarly aggravate his alleged medical condition. Defendants are entitled to discovery on that ground. The discovery on lethal gas should occur first because it makes no sense to conduct an expensive and time-consuming second phase if Bucklew is unable to pass through the first phase of discovery on lethal gas.

### B. Lethal injection in general

In the second phase of discovery, the Court should limit discovery to lethal injection generally. Bucklew is not entitled to specific information about Missouri's method of lethal injection because he has not pleaded that just Missouri's specific method is unconstitutional. Instead, Bucklew has pleaded that *any* and *all* forms of lethal injection are unconstitutional as applied to him. *See, e.g.*, Doc. 53, p. 2 ("Any attempt to execute Mr. Bucklew under Missouri's present protocol, or by *any* means of lethal injection, will almost inevitably lead to a prolonged and tortuous execution, with Mr.

Bucklew hemorrhaging, struggling to breathe and suffocating.") (emphasis supplied by Bucklew); *see also* Doc. 53, at ¶6; ¶14; ¶16 (quoting Dr. Zivot); ¶19 ("lethal injection by *any* drug creates a very substantial risk that Mr. Bucklew will suffer hemorrhaging, choking and suffocation during the execution, thereby inflicting cruel and unusual punishment in violation of the Eighth Amendment.") (emphasis supplied by Bucklew); ¶26 (execution by lethal injection with *any* drug creates a very substantial risk that Mr. Bucklew will suffer a tortuous and prolonged execution") (emphasis supplied by Bucklew); ¶107 ("Under any scenario or with any type of lethal drug, execution by lethal injection poses an enormous risk that Mr. Bucklew will suffer extreme, excruciating and prolonged pain – all accompanied by choking and struggling for air."); ¶108 ("Therefore, any execution of Mr. Bucklew by lethal injection, regardless of the drug used, violates the Eighth Amendment's prohibition on cruel and unusual punishment."); ¶109 ("Mr. Bucklew's claims concern the specific and unique risks posed to *him* by lethal injection, and those risks exist regardless of the drug used") (emphasis supplied by Bucklew); ¶112 ("These physical conditions, by themselves and irrespective of the drug used, place Mr. Bucklew at grave risk

during an execution by lethal injection."); ¶127 ("That said, *regardless of the particular drug used,* execution by lethal injection poses a very substantial risk that Mr. Bucklew will suffer a prolonged and tortuous death in violation of the Eighth Amendment.") (emphasis supplied by Bucklew); ¶150; and "¶145."

Bucklew has not pleaded that some form of lethal injection would be safer than another. When Bucklew had the opportunity to plead that manufactured pentobarbital would be a constitutionally permissible alternative, he *expressly disclaimed* that option. (Doc. 53, p. 43). Therefore, it would not be appropriate to allow for discovery into Missouri's specific lethal injection protocol. Likewise, it would not be appropriate to allow discovery into "all aspects of lethal injection" or into unspecified "alternative methods of execution" (Doc. 100, p. 6, 9). To hold otherwise would allow discovery on every permutation of a hypothetical lethal injection protocol.

**IV. Bucklew's proffered requests demonstrates why phased discovery is necessary.**

Finally, the sheer scope of Bucklew's proposed discovery topics demonstrates why phased discovery is appropriate in this case. For instance, Bucklew proposes using discovery to ascertain every Department

10

investigation into every alternative method of execution (Doc. 100, p. 7, request 1). Bucklew also proposes discovering all information about the Department's current lethal chemical (Doc. 100, p. 7–8). Bucklew also wants personally identifying information from members of the execution team (e.g., curriculum vitaes, credentials) with the personally identifying information removed (Doc. 100, p. 8–9). Bucklew fails to explain how the Department could produce a curriculum vitae that would also provide information he wants, but that would also protect the identity of the team member.

Bucklew also wants personally identifying information about people the Department considered employing, *but that the Department did not employ* (Doc. 100, p. 9). Bucklew and his counsel even propose a visit to the execution room, but fail to mention a visit to the lethal gas chamber (Doc. 100 p. 10). One plausible explanation for Bucklew's expansive view of discovery is that it is his aim to identify members of the Missouri execution team, and expose them to criminal and professional sanctions, in addition to boycotts as Bucklew pled in the *Zink* litigation. *Zink v. Lombardi*, 2:12-CV-04209-BP, Doc. 338, at ¶384.

Bucklew's intention is to use this case as a tool to discover protected information. This Court has already ruled that Bucklew has only pleaded *one* alternative method of execution: lethal gas. (Doc. 63, p. 6–9). Yet, Bucklew says he wants discovery on *all* alternative methods of execution. (*See, e.g.,*

Doc. 100, p. 9). Most of that request is irrelevant to Bucklew's fourth amended complaint. It would not be a "narrowly tailored" proceeding to allow Bucklew to conduct expansive discovery on some unknown alternative, only for Bucklew to request to file a *fifth* amended complaint.

## Conclusion

This Court should narrowly tailor this proceeding by ordering phased and limited discovery of the scope in the order described above.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Michael J. Spillane*
Michael J. Spillane
Assistant Attorney General
Missouri Bar No. 40704
P.O. Box 899
Jefferson City, MO 65102
Telephone: (573)751-0967
Facsimile: (573)751-3825
mike.spillane@ago.mo.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on this 28th day of July, 2016. This Court's electronic filing system should serve counsel for Mr. Bucklew.

/s/ Michael Spillane