IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RUSSELL BUCKLEW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-8000-CV-W-BP |
| ) | |
| GEORGE A. LOMBARDI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE MEDICAL TESTING AND SUPPLEMENT EXPERT REPORTS

Plaintiff, a prisoner on death row, has filed a civil rights suit challenging the lethal injection protocol that the State of Missouri intends to use to carry out the sentence. One of the issues in this case is the effect Missouri's execution protocol will have on Plaintiff given his unique medical condition. Accordingly, Plaintiff has proposed conducting diagnostic testing to more accurately ascertain his current condition. Unfortunately, Plaintiff has not arranged for that testing, and this failure is impacting the litigation.

The parties filed their Joint Proposed Scheduling Order on May 10, 2016, (Doc. 70), and the Court entered a Scheduling Order on May 26. (Doc. 79.) The Scheduling Order adopts the parties' proposed dates (with the exception of a deadline for rebuttal experts). Under the schedule, Plaintiff was to designate his experts by September 12, Defendants were to designate experts by October 10, and discovery is to close on December 30.

On September 12, Plaintiff filed a Certificate of Service indicating that he provided Defendants with his expert reports. (Doc. 111.) At the same time, he filed a motion, (Doc. 112), seeking leave to supplement those reports after diagnostic testing and medical imaging is completed. Plaintiff's counsel explains that she "has not yet obtained those procedures for her

client as sufficient funding has not yet been approved for these expert services." (Doc. 112, p. 2.) She further explains that she intends to "address[ ] budgetary issues with this Court and hopes that diagnostic testing and medical imaging may be obtained in the next few weeks." (Doc. 112, p. 3.) To that end, Plaintiff proposes that the Court set a deadline of November 1, 2016 for testing and imaging to be completed, and that he be permitted to supplement his experts' reports by November 15, 2016.

Defendants oppose Plaintiff's motion, pointing out that this places them in the position of (1) requesting leave to file their experts' reports after November 15, or (2) foregoing the opportunity to respond to the experts' opinions. The former option is undesirable to Defendants because such an extension renders the discovery deadline unworkable and will delay the ultimate resolution of the case, and the latter option is undesirable because the expert reports Plaintiff has provided were prepared in 2014 and 2015. (Doc. 113.)

The Court does not grant the relief Plaintiff requests because the motion's premise is incorrect: Plaintiff has always had the ability to seek reimbursement for expenses under the Criminal Justice Act ("the CJA"). The Court appointed counsel in April 2016, and at the same time granted counsel leave to submit interim vouchers. Counsel also proposed a budget that detailed the amount necessary for, among other things, diagnostic testing and imaging. The Court has approved a budget that provides more than enough money to conduct the diagnostic testing and imaging Plaintiff described. The budget approved by the Court is also more than sufficient to cover the amounts Plaintiff anticipated for expert services. Finally, Plaintiff has had more than sufficient time to arrange for the testing, and Counsel does not suggest time (or something similar, such as difficulty scheduling the tests) motivates the instant motion.

As Counsel has revealed, she continues to disagree with the Court about the total amount allotted for the prosecution of this case. Counsel explains that she has elected not to pursue the testing necessary to prosecute Plaintiff's claim while she formally disputes the Court's rulings – even though the Court has allotted sufficient money to conduct the necessary testing. The Court cannot – and will not – permit Plaintiff to hold this case in abeyance while she litigates budget issues.

However, the Court acknowledges that Counsel may have been hampered by her co-Counsel's unexpected departure from the practice of law. (*See* Docs. 106, 107.) Accordingly, the Court will grant Plaintiff's motion in part. Plaintiff shall have until and including October 11, 2016, to submit supplemental expert reports. Defendants shall have until and including November 11, 2016, to submit their expert reports.

**IT IS SO ORDERED**.

DATE: September 21, 2016

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT