**Brief Summary of Plaintiff Bucklew's Request to Allow Counsel Cheryl Pilate
To Share the Previous Depositions of M3 with Co-Counsel**

Plaintiff seeks this Court's order allowing counsel Cheryl Pilate to share the three depositions of the execution team doctor, M3, with her co-counsel at the Sidley firm. These depositions were taken in *Ringo v. Lombardi*, Case No. 09-4095 (M3 depo. 9/24/10) and in *Zink v. Lombardi*, Case No. 12-4209 (M3 depos. 7/11/13 and 1/16/14). Mr. Bucklew was one of the plaintiffs in both of those actions, and Ms. Pilate was his counsel. Those depositions are relevant to Plaintiff's claims in the present case, and allowing counsel to share those depositions among themselves would allow them to more effectively develop and present their argument that Mr. Bucklew's ability to prove his Eighth Amendment claim has been greatly hindered by his counsels' inability to use the M3 depositions.

To be clear, the present request is only to allow all counsel to view the depositions. This Court has already ruled that those depositions may not be used in this case, which means their contents cannot be referenced and they cannot be cited or relied upon. Mr. Bucklew has asserted that the denial of access to the depositions constitutes a due process violation. If all of Mr. Bucklew's counsel are able to review the depositions, Plaintiff believes they will be able to more effectively develop their arguments that denial of access constitutes a due process violation. To date, Mr. Bucklew's counsel at the Sidley firm have never seen any of the depositions and have no idea of their contents. Although Ms. Pilate knows the contents, she has been unable to discuss them with her co-counsel or to explain, even in general terms, why lack of access to them has impaired Plaintiff's ability to litigate his due process claim.

The issue raised by Defendants, that granting access to counsel would potentially compromise M3's identity, is a red herring. Those depositions, particularly the one taken in *Ringo*, have been used, referenced and relied upon by multiple counsel representing various plaintiffs throughout the litigation of both the *Ringo* and *Zink* cases and during related litigation for stays of execution. Counsel have always abided by the protective orders in those cases. For instance, when M3's deposition was filed in the *Ringo* case, it was, of course, filed under seal. (*Ringo,* Doc. 211, Exh. 5, filed 1/21/2011). In the *Zink* case, the court entered an order allowing the parties to make use of the depositions of M2 and M3 that were taken in *Ringo*. (*Zink*, Doc. 113, 7/23/2013). At no time has M3's identity ever been discovered, nor has there been a hint in any of the prior cases that any information in those depositions could be used to discern M3's identity.

Counsel in this case have scrupulously abided by the protective order, and there is simply no risk that M3's identity may be compromised by granting counsel access to these depositions.

Counsel Cheryl Pilate is aware of information in the M3 depositions that is directly relevant to the claims in this case. But because of the Court's orders, she has been unable to discuss with her co-counsel why that information is relevant, even in very broad terms. This restriction has greatly hindered the ability of Plaintiff to assert his present due process claim, which is raised in the Motion to Alter or Amend Judgment filed on July 13, 2017. To allow counsel to better refine and target their due process arguments, counsel requests that this Court permit the sharing of the M3 depositions among all of Mr. Bucklew's counsel.