## *Bucklew v. Lombardi*, 14-CV-8000 BP

**Defendants' Memorandum re: protected depositions in earlier cases**

During the July 10, 2017 phone conference, Plaintiff's counsels originally represented that they were not seeking permission to file M3 and M2 depositions, which are subject to protective orders in *Zink* and *Ringo* cases, to the Missouri Supreme Court in opposing the setting of an execution date for Bucklew, and referred to Defendants' counsel's concern that Plaintiff's counsel would seek to do just that as a "red herring." Nevertheless, Plaintiff's counsel, who participated in the *Zink* and *Ringo* litigation, specifically asked this Court for permission to share this protected material with her co-counsel in the *Bucklew* case for *unspecified* reasons. But this Court has already rejected that request in this case and should do so again.

During the motion to compel litigation, Plaintiff's counsel asked this Court to permit Plaintiff's original counsel to share the protected material with co-counsel. As this Court explained "[s]pecifically, Plaintiff wants information about the team member's training and experience, as well as access to depositions of team members that are the subject of protective orders in those other cases." Document 183 at 2. Defendants' opposed the request. The Court denied Plaintiff's request stating "Plaintiffs' request for additional details about team members and *access to their depositions from other cases is denied.*" *Id*. at 5. Nothing relevant to that order has changed since this Court issued it.

Missouri Revised Statute 546.720 protects the identities of execution team members and documents that could reveal their identities, and defines the material as privileged and protected from disclosure by law. Depositions of M2 and M3 discussing their practices and experience fall within the universe of privileged material under §546.720 prohibiting disclosure. This Court has already held that both M3's and M2's depositions contain enough information to allow a reader to "figure out" their identities and that there is no way to redact the depositions that will preserve their identities. *Ringo v. Lombardi*, 09-4095 Doc. 317 at 11. This Court has also held that if their identities are revealed they are subject to a substantial risk of harassment and invasion of privacy, and the State's ability to perform government functions would be compromised. *Id*. at 10. This Court's protective orders should not be modified to broaden the universe of persons who have access to the depositions from the now completed litigation in *Ringo* and *Zink*.